**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena Guzman De Castaneda,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Stephen L. Fickett, District Director, Phoenix, Arizona, Bureau of Citizenship and Immigration Services; et al.,<br><br>　　　　Defendants. | No. 04-1143-PHX-ROS<br><br>**OPINION AND ORDER** |

Pending before the Court is a Motion to Dismiss and Motion for Summary Judgment filed by Defendants Stephen L. Fickett et al ("Defendants"). For the following reasons, the case will be dismissed as moot.

## BACKGROUND

Plaintiff Elena Guzman De Castaneda ("Castaneda") is a native and citizen of Mexico. (Doc. # 1) Plaintiff married Javier Castaneda in Mexico in 1979. (Doc. # 1) Castaneda and her husband came to the United States in 1980. Castaneda entered the United States with a visitor's visa. The couple divorced on March 28, 1984. (Statement of Facts, Ex. 15) Castaneda married Jay Bruce Wallace, a U.S. citizen, on May 7, 1984. (Statement of Facts, Ex. 15) On January 17, 1985, Wallace filed, on Castaneda's behalf, a Petition to Classify Status of Alien Relative for Issuance of Immigrant VISA and an Application for Status as Permanent Resident (Statement, Ex. 3, 4) Wallace withdrew the petition the same day it was

1 filed. Wallace stated that he was withdrawing his petition because he had never lived with
2 Castaneda and their marriage had not been consummated. (Statement, Ex. 5) The
3 Immigration and Naturalization Service ("INS") denied the Application for Status as
4 Permanent Resident based on Wallace's withdrawal of his petition. (Statement, Ex. 6) The
5 INS later determined that Castaneda and her first spouse had promised Wallace $500 if he
6 would marry Castaneda and facilitate her immigration. (Statement, Ex. 7)

7 On September 18, 1985, Castaneda and Wallace divorced. (Statement, Ex. 15)
8 Castaneda was deported on June 24, 1986. (Statement, Ex. 18) She reentered the United
9 States without inspection that same day. (Statement, Ex. 18) Castaneda remarried her first
10 husband, Javier, on August 22, 1988. (Statement, Ex. 15) Castaneda submitted an
11 Application for Permission to Reapply for Admission Into the United States After
12 Deportation or Removal ("Form-212") on November 6, 1996. (Statement, Ex. 17) The
13 government denied Castaneda's Form-212 on August 13, 2002. The written decision
14 accompanying that denial set forth the favorable and unfavorable factors regarding
15 Castaneda's application. (Statement, Ex. 18) The favorable factors were that Castaneda was
16 the spouse of an United States Citizen and was the mother of five United States citizen
17 children. The unfavorable factors were Castaneda's history of violation of the immigration
18 laws including her marriage to Wallace and her reentry immediately after deportation. The
19 denial concluded Castaneda did "not merit a favorable exercise of discretion in this matter
20 as the unfavorable factors in your case outweigh the favorable factors."

21 Castaneda appealed the denial of Form-212, arguing "[t]he service failed to correctly
22 assess the emotional, financial, and psychological damage to the U.S. citizen spouse and
23 children." (Statement, Ex. 19) The decision dismissing the appeal stated that many of the
24 favorable factors were acquired after Castaneda had reentered the United States illegally and
25 were therefore entitled to diminished weight. Also, Castaneda's "admission that she engaged
26 in marriage fraud in order to obtain immigration benefits is a serious unfavorable factor" as
27 was "[t]he fact that she reentered illegally without permission on the day that she was
28

1  deported." Accordingly, the Administrative Appeals Office concluded that Castaneda "failed
2  to establish that she warrants a favorable exercise of discretion." (Statement, Ex. 21)
3      Castaneda filed the current suit on June 3, 2004. The suit seeks declaratory judgment
4  and injunctive relief. Specifically, Castaneda asks the Court to enter judgment declaring
5  Defendants' denial of her Form-212 "unlawful, arbitrary, an abuse of discretion, and of no
6  force and effect." (Doc. # 1) Castaneda also asks the Court to order Defendants to approve
7  her Form-212. Defendants filed a Motion to Dismiss and Motion for Summary Judgment.
8  (Doc. # 10) Castaneda filed a timely response and a cross-motion for summary judgment.
9  (Doc. # 14) Both parties then filed timely supplemental pleadings. (Doc. # 17, 19) On
10 November 9, 2005, the Court ordered additional briefing regarding the necessity of Plaintiff
11 filing a Form-212.

## ANALYSIS

13 At the time the Complaint, the motion to dismiss, and the motion for summary
14 judgment were filed, the parties believed this case was governed by 8 U.S.C. §
15 1182(a)(9)(A).[1] That statute provides, in relevant part, that an alien who has been ordered
16 removed "and who seeks admission within 10 years of the date of such alien's departure or
17 removal . . . is inadmissible." The statute does, however, contain an exception which states
18 that an otherwise inadmissible alien may seek permission from the Attorney General to
19 reapply for admission. In this case, Plaintiff originally believed that she was inadmissible
20 due to 8 U.S.C. § 1182(a)(9)(A) and she sought permission to reapply by filing Form-212.
21 There is now some confusion about the applicability of § 1182(a)(9)(A) and the need for
22 Plaintiff to file Form-212.

23 In the supplemental briefing ordered by the Court, Plaintiff stated that "17-years after
24 her deportation and re-entry into the United States in 1986, Plaintiff was not inadmissible
25 under a clear reading of 8 U.S.C. § 1182(a)(9)(A)(ii)'s 10-year waiting period."

---

[1] Defense counsel originally argued that a different statutory regime was applicable. (Doc. # 11) But counsel later conceded it had misstated and that 1182(a)(9)(A) applied (Doc. # 17)

1  (Supplemental Brief at 5) Thus, Plaintiff now believes that she erred by filing Form-212 and
2  that Defendants erred by not declaring her Form-212 moot. (Id.) Defendants' denial of
3  Form-212, however, was the entire basis for Plaintiff's Complaint[2] and has served as the focal
4  point for the litigation. Plaintiff's abandonment of her request that this Court order
5  Defendants approve her Form-212 means that there is no longer an actual controversy
6  between adverse litigants. See Gator.Com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th
7  Cir. 2005) (observing mootness is jurisdictional issue so court must raise it sua sponte).
8  Plaintiff no longer seeks the relief originally sought and no alternative relief has been clearly
9  requested. See Dream Palace v. County of Maricopa, 384 F.3d 990, 1000 (9th Cir. 2004)
10 (quotations omitted) (observing case is moot when an event occurs that "makes it impossible
11 for the court to grant any effectual relief whatever to a prevailing party"). Thus, this case
12 must be dismissed as moot. See Jones Intercable of San Diego, Inc. v. City of Chula Vista,
13 80 F.3d 320, 328 (9th Cir. 1996) (finding case moot where cable television licensee no longer
14 had desire to operate a cable system); Nome Eskimo Cmty. v. Babbitt, 67 F.3d 813, 815 (9th
15 Cir. 1995) ("Mootness . . . limits judicial power to cases where the wrong can be redressed
16 by the lawsuit."); Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1514 (9th Cir. 1994)
17 ("[A] declaratory judgment may not be used to secure judicial determination of moot
18 questions.").

19    Accordingly,
20    IT IS ORDERED that this case be DISMISSED WITH PREJUDICE.
21    IT IS FURTHER ORDERED that all outstanding motions are denied as moot.
22    The Clerk of the Court is directed to enter judgment and terminate this action.

---

[2] In her complaint, Plaintiff asked the Court for four types of relief. First, Plaintiff sought a declaration that the denial of her Form-212 was "unlawful, arbitrary, an abuse of discretion, and of no force and effect." Second, Plaintiff asked that Defendants be permanently enjoined from denying her Form-212. Third, Plaintiff asked that Defendants be ordered to grant her Form-212. And fourth, Plaintiff asked for other relief the Court deemed necessary. Neither Plaintiff nor Defendant has adequately addressed what relief may be ordered if Form-212 is no longer relevant.

- 4 -

DATED this 24th day of January, 2006.

Roslyn O. Silver
United States District Judge