**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena Guzman De Castaneda, | No. 04-1143-PHX-ROS |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| Stephen L. Fickett, District Director, Phoenix, Arizona, Bureau of Citizenship and Immigration Services; et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration. For the following reasons, the motion will be denied.

**BACKGROUND**

On January 24, 2006, this Court issued an order dismissing the case as moot. (Doc. 26) The Court found that Plaintiff was no longer requesting the relief which was the entire basis for her case. In her Motion for Reconsideration, Plaintiff argues that the Court should have found that Defendants erred by requiring her to submit Form-212 and that Defendants also erred by not granting her adjustment of status application.

**ANALYSIS**

A motion for reconsideration should not be used "to ask the Court to rethink what the Court had already thought through–rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). In its Order, the Court observed

that "Defendants' denial of Form-212 . . . was the entire basis for Plaintiff's Complaint and has served as the focal point for the litigation."  (Order)  Also, "[n]either Plaintiff nor Defendant . . . adequately addressed what relief may be ordered if Form-212 is no longer relevant."  (Order)  The Court considered the impact of Form-212 no longer being relevant and concluded that the case was moot.  Plaintiff believes that the court erred in reaching this conclusion, but that argument "should of course be directed to the Court of Appeals." Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc., 605 F.Supp. 6, 7 (N.D. Ill. 1983).

Accordingly,

IT IS ORDERED that the Motion for Reconsideration (Doc. 28) is DENIED.

DATED this 21st day of February, 2006.

_____
Roslyn O. Silver
United States District Judge

- 2 -